# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:18CR464 |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| vs. | : | |
| CESAR VELOZ-ALONSO, | : | **MOTION FOR BOND PENDING SENTENCING** |
| Defendant. | : | |

Mr. Veloz-Alonso requests that the Court release him on bond pending sentencing. There is no presumption that the Court detain him, and he is not a flight risk or danger to the community. Although he has an ICE detainer, the Bail Reform Act governs his release during criminal proceedings, not the Immigration & Nationality Act.

First, there is no presumption that the Court detain Mr. Veloz-Alonso. "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). That default changes after a guilty plea, but not for "a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment." 18 U.S.C. § 3143(a)(1). Mr. Veloz-Alonso's advisory guidelines range, which falls in Zone A, does not recommend a prison term. *See* U.S. SENTENCING GUIDELINE § 5C1.1(b) ("If the applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required[.]"). Thus, the default position is that the Court release Mr. Veloz-Alonso pending sentencing. *See* 18 U.S.C. § 3142(b).

Second, applying the usual standards for release under the Bail Reform Act, Mr. Veloz-Alonso is not a flight risk or a danger to the community. He has no criminal history. His wife and

three children, who are U.S. citizens, live in this district. *See* R. 8-1 at 54, Veloz-Alonso Letter. He has worked for Heinz Construction for 13 years. R 8-1 at 43, Heinz Letter. He lives in a house in Painesville, a house that he renovated into a home for his family. R. 8-1 at 44, Heinz Letter; R 8-1 at 45, Padilla Letter. His friends, neighbors, and employer have written several letters attesting to his character, conduct, and ties to the community. *See* R 8-1 at 42-47.

And the Bail Reform Act governs these proceedings, not the Immigration & Nationality Act. "[T]he Government has to make a choice when it is dealing with a removable alien criminal defendant. It can forego prosecution, and detain and then remove the person through normal immigration proceedings, or it can prosecute the person." *United States v. Galitsa*, No. 17-CR-324, 2017 U.S. Dist. LEXIS 185550, *13 (S.D.N.Y. Jul. 28, 2017), attached at Exhibit A. "If the Government chooses to prosecute, then it must proceed in accordance with all rules that govern criminal prosecutions. First and foremost among those rules is the Bail Reform Act." *Id.* at *13-14. The government chose to prosecute Mr. Veloz-Alonso, and the Bail Reform Act therefore governs his release. "Because the government has chosen to pursue criminal charges against this defendant before this Court, this Court's authority to set him free under the BRA supplants the government's ability to detain him under the INA." *United States v. Vasquez-Benitez*, No. 18-275, 2018 U.S. Dist. LEXIS 165405 (D.D.C. Sep. 26, 2018), attached at Exhibit B; *see also United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1179 (D. Or. 2012) ("What neither ICE nor any other part of the Executive Branch may do, however, is hold someone in detention for the purpose of securing his appearance at a criminal trial without satisfying the requirements of the [Bail Reform Act]."); *Galitsa*, 2017 U.S. Dist. LEXIS 185550 at *13 ("[T]he Government must decide whether to continue the criminal case – and comply with the magistrate judge's release determination – or to

proceed under the INA, dismiss this case, and remove [the defendant] from the country. What the Government cannot do is have it both ways.").

Thus, the Court should release Mr. Veloz-Alonso on bond. He is not a flight risk or a danger to the community, and because his advisory guidelines range falls in Zone A, there is a presumption that the Court release him pending sentencing. Under the Bail Reform Act, the Court should order him released.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar No.: 0051928

*/s/ Carlos Warner*
CARLOS WARNER
Assistant Federal Public Defender
Ohio Bar No.: 0068736
Akron Centre Plaza
50 S. Main St., Suite 700
Akron, OH 44308
Phone: (330) 375-5739 Fax: (330) 375-5738
E-Mail: carlos_warner@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2018 a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Carlos Warner*
CARLOS WARNER
Assistant Federal Public Defender