UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:18-CR-464 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CESAR VELOZ-ALONSO, | ) | UNITED STATES' RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION FOR BOND |

The United States of America, by and through counsel, Justin E. Herdman, United States

Attorney, and Danielle K. Angeli, Assistant United States Attorney, hereby submits the following

memorandum in response to Defendant Cesar Veloz-Alonso's ("Defendant") motion for bond

pending sentencing.  (R. 10: Motion for Bond Pending Sentencing, PageID 99-102).  The United

States respectfully requests that the Court deny Defendant's motion for bond.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ *Danielle K. Angeli*
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3875
(216) 522-8355 (facsimile)
Danielle.Angeli@usdoj.gov

**MEMORANDUM**

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a Mexican citizen who was first ordered removed from Cleveland, Ohio, on August 29, 1997.  United States Immigration and Customs Enforcement ("ICE") removed Defendant to Mexico pursuant to that order on September 5, 1997.  On June 1, 1999, Defendant attempted to gain entry in Laredo, Texas, using a fraudulent identification document.  ICE initiated expedited removal paperwork and removed Defendant to Mexico that day.  On May 14, 2008, law enforcement encountered Defendant and served him with a notice of intent to reinstate the prior removal order. ICE removed Defendant on May 20, 2008.  The U.S. Border Patrol encountered Defendant on October 3, 2009, and again served him with a notice of intent to reinstate the prior removal order. Additionally, Defendant was indicted and convicted of illegal reentry in Case No. 1:09-cr-54, in the Western District of Pennsylvania.  After serving a sentence of 60 days, ICE removed Defendant to Mexico on December 11, 2009.  On June 13, 2018, Defendant was arrested in Solon, Ohio, for having no operator's license.  Presently, Defendant has an ICE detainer and administrative arrest warrant pursuant to a reinstated removal order.

On August 15, 2018, a federal grand jury returned a one-count Indictment charging Defendant with illegal reentry, in violation of 8 U.S.C. § 1326.  (R. 1: Indictment, PageID 1).  The Court held an arraignment on August 29, 2018.  During the arraignment, Defendant orally waived his right to a detention hearing.  (R. 3: Minutes of Arraignment, PageID 7-8).  On October 2, 2018, Defendant pled guilty to the Indictment and the Court continued his detention.  (R. 9: Minutes of Change of Plea Hearing, PageID 97-98).  On October 3, 2018, Defendant filed a motion for bond pending sentencing.  (R. 10: Motion for Bond Pending Sentencing, PageID 99-102).  The Court held the detention hearing on October 4, 2018, but did not rule on Defendant's motion to allow for briefing by the United States and reset the detention hearing for October 10, 2018.

This Court should deny Defendant's motion for bail and detain him because under 18 U.S.C. § 3143, a defendant is presumptively detained after conviction and there are no conditions that will reasonably assure Defendant's appearance at sentencing. Due to the reinstated removal order, if Defendant is granted bond, he will go into ICE custody and they will execute the order. Defendant does not currently have an asylum request or any other pending motions in his immigration case, so he will be deported, likely within a week after ICE assumes custody, given the reinstated removal order.

## II.     LAW AND ARGUMENT

### A.      Defendant Waived a Detention Hearing, and Circumstances Have Not Changed Warranting a New Detention Hearing.

A defendant may waive his right to a detention hearing under 18 U.S.C. § 3142(f). *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). On August 29, 2018, Defendant orally waived his right to a detention hearing under § 3142(f) but reserved the right to raise the issue of detention at a later date should circumstances change. The only circumstance that has changed since Defendant's arraignment is that he pled guilty. But this is not a change that has any material bearing on whether there are any conditions of release that can reasonably assure his appearance at court proceedings or the safety of another person or the community. *See United States v. Davidson*, Case No. 3:08-cr-169, 2009 WL 1346065, at *1 (E.D. Tenn. May 12, 2009) (discussing the requirements for change in circumstances after waiving a detention hearing). Indeed, as discussed *infra*, and contrary to Defendant's assertion, detention pending sentencing is presumptive here. In Defendant's notice of intent to plead guilty and request for a detention hearing, he opined that his circumstances have changed, however, he does not specifically identify the purported unspecified changed circumstances. (R. 8: Notice of Intent to Plead Guilty and Request for a Detention Hearing, PageID 24). Moreover, in the request for bond, Defendant referenced the authority of an ICE detainer, but the detainer existed *before* Defendant's arraignment. Thus, the only change in circumstances since

3

Defendant's arraignment is his guilty plea, which the Court accepted on October 2, 2018.  That is not

a sufficient change in circumstance to now seek a detention hearing.  Accordingly, Defendant has

waived his right to a detention hearing and has not satisfied the threshold requirement to raise the

issue at a later date.  *See Davidson*, 2009 WL 1346065 at *1-2 (finding defendant had not shown an

adequate change in circumstances and thus, was not entitled to a detention hearing).

> **B.      Because Defendant Pled Guilty, Detention Pending Sentencing is Presumptive.**

In any event, unlike release pending trial under 18 U.S.C. § 3142, for release pending

sentencing under 18 U.S.C. § 3143, detention is presumptive after a defendant pleads guilty.  That

alone distinguishes the nonbinding pretrial release decisions that the Defendant cites in his motion.

Indeed, this Court should deny Defendant's motion and order detention under § 3143(a)(2), which

states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143.  Further, the Sixth Circuit has opined that, "[r]elease is no longer favored once

guilt of a crime has been established."  *United States v. Brazier*, 89 F.2d 836 (6th Cir. 1996) (table)

(citing *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988)).

Defendant's argument that he is not subject to § 3143 is unavailing because he conflates a

requirement with a recommendation.  Section 3143 applies to all defendants who: (1) have been

found guilty of an offense and are awaiting imposition of sentence; and (2) the Guidelines

recommend a term of imprisonment.  *Id.*  The Sentencing Commission has issued its

recommendations in its Guidelines manual, which includes the Sentencing Table, indicating its

recommendations for terms of imprisonment based on offense level and criminal history category.

As such, the Sentencing Table sets forth the Commission's recommendations for a particular sentence based upon the numerical assignment of these two factors.

Although Defendant's advisory Guidelines range likely falls within Zone A or Zone B, the Guidelines' range in both zones includes a term of imprisonment.  Indeed, while under Zone A, "a sentence of imprisonment *is not required*[,]" U.S.S.G. § 5C1.1(b) (emphasis added), a term of imprisonment nevertheless is still an option for the Court.  In Zone A, if a defendant's advisory Guidelines range is 0 to 6 months, the Court may impose probation or a fine; however, it may also impose a term of imprisonment.  The Guidelines' recommendation, even at the lowest level, recommends a term of imprisonment up to 6 months.  (*Id.*).  Moreover, in Zone B, the Guidelines provide that the minimum term may be satisfied by a sentence of imprisonment.  U.S.S.G. § 5C1.1(c)(1).  Therefore, Defendant is subject to § 3143, which provides for presumptive detention after a guilty plea.  *See also United States v. Vasquez*, 413 F. App'x 42, 43 (10th Cir. 2011) (applying § 3143 after defendant pled guilty to illegal reentry and post-guilty-plea, sought release pending sentencing).[1]

### C. Because No Conditions Will Reasonably Assure Defendant's Appearance at Sentencing, the Court Should Deny His Bond Motion.

Defendant's argument that he is not a risk of flight because he has no criminal history, his family lives within the district, and he works within the district is unavailing.  (R. 10: Motion for Bond Pending Sentencing, PageID 100).  At issue concerning flight is whether the defendant will appear for future court proceedings.  *See Vasquez*, 413 F. App'x at 43.  Given Defendant's reinstated

---

[1]  The 10th Circuit's decision in *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017), which distinguished *Vasquez*, involved pretrial detention for a defendant who was charged and awaiting trial, whereas, *Vasquez,* as here, involves a defendant who is convicted and awaiting sentencing and, thus, bears the statutory burden demonstrating by clear and convincing evidence that he is likely to appear at sentencing.

removal order and ICE detainer, there are no conditions that will reasonably assure his appearance at sentencing because he will likely be deported to Mexico before the sentencing hearing.

In *Vasquez*, the defendant was charged with one count of illegal reentry, sought pre-trial release, and the district court denied his request. The defendant pled guilty and filed a motion for release pending sentencing. After a hearing, the district court denied the motion. The court noted that, because of the circumstances surrounding the defendant's immigration status—being the subject of a reinstated removal order and having an ICE detainer lodged against him—the defendant would not be available to appear at sentencing. The court concluded that, regardless of the defendant's intent or inclination to flee from authorities, if he was released pending sentencing, the likelihood was that he would be taken into ICE custody, the removal order would be executed, and he would not be available to appear at sentencing. *Vasquez*, 413 F. App'x at 43. The defendant appealed the district court's denial, arguing that the ICE detainer was not a legally-sufficient basis on which to deny release.

Because of the reinstated removal order, the Tenth Circuit explained that it need not address the ICE-detainer issue. It noted that "this is no longer a pretrial detention case governed by 18 U.S.C. § 3142. Release pending sentencing or appeal is governed by a different statute with different proof requirements and burdens." *Id.* (citing 18 U.S.C. § 3143). Further, it need not address the various possibilities if the defendant were released on bond because "regardless of what is possible, [the defendant] was required to show, *by clear and convincing evidence*, that he is not likely to flee (*i.e.*, that he is likely to appear in court when required)." *Id.* at 44 (emphasis in original). Because the defendant had the ICE detainer and a reinstated removal order, "there [wa]s no evidence, let alone clear and convincing evidence," that he would appear at the sentencing hearing. Thus, the Tenth Circuit affirmed the district court's denial of release. *Id.*

The *Vasquez* Court correctly held that, regardless of the defendant's intent, there were no conditions that would reasonably assure his appearance in court. The plain language of the Bail

6

Reform Act ("BRA") says nothing about volition. *See* 18 U.S.C. §§ 3141-3156. Likewise, the legislative history and purposes of the BRA focus on a defendant's appearance and preventing danger to the community, not on a defendant's intent. *See* S. Rep. No. 98-225, *reprinted in* 1984 U.S.C.C.A.N. 3182, 1983 WL 25404, at *3 (explaining that the "basic philosophy" of the 1966 version of the BRA was that "the sole purpose of bail laws must be to assure the appearance of the defendant at judicial proceedings"). Thus, volition is not required for a defendant to be considered a flight risk.

The facts here are nearly identical to those in *Vasquez* concerning release pending sentencing. Defendant has both an ICE detainer and a reinstated removal order, and has pled guilty. If the Court grants release on bond, ICE will arrest Defendant and execute the removal order, resulting in Defendant's removal to Mexico within roughly a week after coming into ICE custody. Therefore, there are no conditions that will reasonably assure Defendant's appearance at sentencing on January 17, 2019.

Notably, *Vasquez-Benitez*, *Trujillo-Alvarez*, and *Galista*—the cases Defendant relies upon in his motion for bond—all involve *pretrial* release under § 3142, instead of release pending sentencing, which is at issue here under § 3143. Indeed, *Vasquez-Benitez* provides that "a judicial order under the Bail Reform Act provides the sole avenue for detaining [a] defendant while the charges are pending." *United States v. Vasquez-Benitez*, Case No. 18-275, 2018 U.S. Dist. LEXIS 165405, at *1 (D.D.C. Sep. 26, 2018). But Defendant's charges are no longer pending. He has pled guilty and is awaiting sentencing. Because Defendant's release is governed by § 3143, he bears the burden of demonstrating by clear and convincing evidence that he is not a risk of flight. *Galista* is further distinguishable because here, ICE is not taking Defendant into administrative custody for the purposes of delivering him for criminal trial or to avoid the pretrial release provisions of the BRA. Instead, ICE will execute the removal order and remove Defendant to Mexico.

Moreover, the BRA does not limit ICE's detention authority under the Immigration Nationality Act ("INA"):  nothing in §§ 3142 or 3143 overrides the INA's mandate to ICE to detain a defendant during removal proceedings or subject to a final order of removal.  *See* 8 U.S.C. §§ 1226(a)(1) (pending a decision on removal) and 1231(a)(2) (final orders of removal).  The BRA is limited to criminal detention, and it does not provide that a defendant who is released from criminal detention cannot be detained under another statute for a different purpose—here, to execute a removal order.  Although proceeding on both matters—criminal prosecution and administrative removal—simultaneously runs the risk that the defendant might be deported before the criminal case can conclude, the United States might reasonably choose to run that risk given the available alternatives.  And there is no legal basis for not permitting it to do so on the facts presented here.  Thus, releasing Defendant on a criminal bond will only transfer him to ICE custody.

Further, since Defendant illegally reentered the United States after a previous removal, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under [Chapter 12 of the INA], and the alien shall be removed under the prior order at any time after the reentry."  8 U.S.C. § 1231(a)(5); *see also Euceda v. Evans*, Case No. 1:17-cv-256, 2017 WL 1534197, at *1 (E.D. Va. 2017) ("Because a reinstated order of removal is not subject to administrative or judicial review . . . ICE has detained [the defendant] pursuant to 8 U.S.C. § 1231(a)(2), which requires the government to detain persons who are subject to final orders of removal."); *United States v. Lozano*, Case No. 1:09-cr-158, 2009 WL 3834081, at *3 (M.D. Ala. 2009) (an individual in defendant's position "must *always* be taken into the custody of ICE during the ninety-day removal period") (emphasis in original).  Because the INA authorizes ICE detention and execution of the reinstated removal order, if Defendant is released on bond, he will transfer to ICE custody for such execution.

### III.       CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court deny

Defendant's motion for bond pending sentencing.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:    /s/ Danielle K. Angeli
       Danielle K. Angeli (MI: P81362)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, Ohio 44113-1852
       (216) 622-3875
       (216) 522-8354 (facsimile)
       Danielle.Angeli@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 7th day of October 2018, a copy of the foregoing document was

filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's

electronic filing system.  Parties may access this filing through the Court's system.

/s/ Danielle K. Angeli

Danielle K. Angeli

Assistant United States Attorney
