UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:18-CR-464 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CESAR VELOZ-ALONSO, | ) | NOTICE OF SUPPLEMENTAL |
| Defendant. | ) | AUTHORITY |

The United States of America, by and through counsel, Justin E. Herdman, United States Attorney, and Danielle K. Angeli, Assistant United States Attorney, hereby submits the following supplemental authority in response to Defendant Cesar Veloz-Alonso's ("Defendant") motion for bond pending sentencing. (R. 10: Motion for Bond Pending Sentencing, PageID 99-102).

In *United States v. Valadez-Lara*, Case No. 2:14-cr-204, 2015 WL 1456530, at *8 (N.D. Ohio Mar. 30, 2015) (Knepp, J.), the court assessed whether bond was appropriate on an illegal reentry case pending trial under 18 U.S.C. § 3142. It noted that, after consideration of the § 3142(g) factors, the case presented "a close call," and it "would be inclined to grant [the d]efendant bail absent one factor, his unlawful presence in this country." *Id.* The court opined that a statutory condition of release under the Bail Reform Act is that the person not commit a Federal, State, or local crime during the period of release. *Id.* (citing § 3142(c)(1)). The defendant, however, "by virtue of his very presence [in the United States], is committing an illegal act and 'indeed his [ ] release would violate perhaps the most important condition of release, that he not continue to violate the law.'" *Id.* (citing *United States v. Campos*, Cr. No. 2:10-mj-62010 WL 454903, at *2 (M.D. Ala. Feb. 10, 2010)).

Although this case is distinguishable because it applies § 3142, the court's finding that a defendant released on bond would, by the nature of being in the United States, be in violation of

federal law applies with equal force. As in *Valadez-Lara*, there is nothing this Court "can do to remedy Defendant's unlawful presence in this country nor can it ignore or absolve him of the inevitable violation of a condition of his release[.]" *Id.* Thus, for the reasons stated in this notice and the United States' response in opposition, (R. 12: Response in Opposition to Bond Motion Pending Sentencing, PageID 114-123), the Court should deny Defendant's bond motion pending sentencing.

                Respectfully submitted,

                JUSTIN E. HERDMAN
                United States Attorney

By:    /s/ *Danielle K. Angeli*
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3875
        (216) 522-8355 (facsimile)
        Danielle.Angeli@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        /s/ Danielle K. Angeli
                                        Danielle K. Angeli
                                        Assistant United States Attorney