**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:18CR464 |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| vs. | : | |
| | : | |
| CESAR VELOZ-ALONSO, | : | **REPLY IN SUPPORT OF MOTION FOR** |
| | : | **BOND PENDING SENTENCING** |
| Defendant. | : | |

The government argues that (1) Mr. Veloz-Alonso's circumstances have not changed, (2) there is a presumption that the Court detain him, and (3) no conditions will reasonably assure his appearance at future court proceedings because ICE will detain and deport him. All three arguments conflict with the law.

First, Mr. Veloz-Alonso's circumstances have changed. Initially, it was uncertain whether the sentencing guidelines would recommend a prison term. After discovery and Mr. Veloz-Alonso's guilty plea, the parties now know that his guidelines range falls in Zone A.

Second and relatedly, because Mr. Veloz-Alonso's advisory guidelines range falls in Zone A, there is no presumption that the Court detain him. As the government concedes, there is no presumption of detention, even after a guilty plea, for "a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment." 18 U.S.C. § 3143(a)(1). The government contends that, even for defendants whose guidelines range falls in Zone A, "imprisonment nevertheless is still an option for the Court." Gov't Br. at 5. But that shows the error in the government's argument: there is a presumption of detention only when the guidelines *recommend* a term of imprisonment, not when prison is only an *option*. Under the

government's argument, every person would be presumed detained after a guilty plea, reading the exception in section 3143(a)(1) out of the statute entirely.

Third, because the Bail Reform Act governs these proceedings, ICE cannot arrest and detain Mr. Veloz-Alonso if he is released on bail. Although the government asserts that ICE can detain a defendant who is released from criminal detention, it cites no case in support. *See* Gov't Br. at 8. That is not surprising, because the government is wrong. "[T]he Government has to make a choice when it is dealing with a removable alien criminal defendant. It can forego prosecution, and detain and then remove the person through normal immigration proceedings, or it can prosecute the person." *United States v. Galitsa*, No. 17-CR-324, 2017 U.S. Dist. LEXIS 185550, *13 (S.D.N.Y. Jul. 28, 2017). "Because the government has chosen to pursue criminal charges against this defendant before this Court, this Court's authority to set him free under the BRA supplants the government's ability to detain him under the INA." *United States v. Vasquez-Benitez*, No. 18-275, 2018 U.S. Dist. LEXIS 165405 (D.D.C. Sep. 26, 2018) (ordering government to release defendant after ICE detained him when he was released under BRA). Mr. Veloz-Alonso cited three cases establishing these legal rules in his opening brief. There are more. *See United States v. Boutin*, 269 F. Supp. 3d 24, 26-29 (E.D.N.Y. 2017); *United States v. Ventura*, No. 17-CR-418, 2017 U.S. Dist. LEXIS 183126, *4-10 (E.D.N.Y. Nov. 3, 2017); *United States v. Hernandez-Bourdier*, No. 16-222-2, 2017 U.S. Dist. LEXIS 1154, at *31-34 (W.D. Pa. Jan. 5, 2017); *United States v. Stepanyan*, No. 3:15-cr-234, 2015 U.S. Dist. LEXIS , at *12-16 & n.4 (N.D. Cal. Jul. 23, 2015); *United States v. Clemente-Rojo*, No. 14-10046, 2014 U.S. Dist. LEXIS 49614, at *2 (D. Kan. Apr. 10, 2014); *United States v. Blas*, No. 13-178, 2013 U.S. Dist. LEXIS 135283, *23-29 (S.D. Ala. Sep. 20, 2013) (collecting additional cases).

Thus, the Court should release Mr. Veloz-Alonso on bond. Because his advisory guidelines range falls in Zone A, there is a presumption that the Court release him pending sentencing. The government does not contend that he is a flight risk or a danger to the community. Applying the Bail Reform Act, as the Court must, the Court should order him released.

    Respectfully submitted,

    STEPHEN C. NEWMAN
    Federal Public Defender
    Ohio Bar No.: 0051928

    */s/ Carlos Warner*
    CARLOS WARNER
    Assistant Federal Public Defender
    Ohio Bar No.: 0068736
    Akron Centre Plaza
    50 S. Main St., Suite 700
    Akron, OH 44308
    Phone: (330) 375-5739 Fax: (330) 375-5738
    E-Mail: carlos_warner@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2018 a copy of the foregoing Reply was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.


*/s/ Carlos Warner*
CARLOS WARNER
Assistant Federal Public Defender